H. M. MERIWETHER v. S. K. HOWE *et al.*
No. 14,280.    (82 Pac. 723.)

1. CONTRACTS—*Compromise of Suit—Substitution of Parties—Settlement—Release.* Pending an action to recover possession of real property the defendants therein conveyed their interest in the land and delivered the possession thereof to defendant herein. Afterward a compromise was effected between the parties to the original action, and an agreement was also signed by them and the present defendant by which that action was dismissed, the defendants therein were absolved from further liability, the present defendant was to be substituted for the original defendants in subsequent stages of the controversy respecting the land, and all rights of plaintiffs for damages for wrongful detention by the present defendant from the date of the above-mentioned conveyance to him were expressly reserved. It was held that by these agreements plaintiffs did not waive or settle any right of action they had against the defendant growing out of his wrongful possession of the property from the date specified.

2. DAMAGES—*Wrongful Detention of Real Property—Demurrer to Petition.* In an action to recover damages for the detention of real property a petition was held good against demurrer although it showed that the plaintiff had been dispossessed by the defendant's grantor and had never regained possession.

Error from Wyandotte court of common pleas; WILLIAM G. HOLT, judge. Opinion filed October 7, 1905. Affirmed.

*Thomas J. White,* for plaintiff in error.

*A. L. Berger,* and *L. W. Keplinger,* for defendants in error.

*Per Curiam:* This action was for damages alleged to have been sustained by the plaintiffs because of the wrongful and unlawful withholding of real estate by the defendant. The error complained of is predicated on the overruling of the defendant's demurrer to the plaintiffs' reply.

S. K. Howe brought an action against the Armour Packing Company and George W. Tourtellot for the possession of the land in controversy, and subsequently, and while that action was pending, he brought another action against the same defendants for damages for the wrongful withholding of the possession of the land. While both of these actions were pending, on July 19, 1900, the Armour Packing Company conveyed whatever interest it had in the lands, and delivered the possession thereof, to the plaintiff in error, who has continued in possession ever since. Some time during the pendency of these actions George S. Howe became interested with S. K. Howe in the real estate, and was joined as a party plaintiff. While both of these actions were pending, on October 2, 1902, the Armour Packing Company and George W. Tourtellot entered into a written agreement of compromise with the plaintiffs, by which the packing company paid to the plaintiffs $1000 in full settlement of all claims that they might have against it for the unlawful entry and wrongful detention of the possession of the land in controversy up to July 19, 1900, and it was also agreed therein that the two cases then pending should be dismissed. This contract was consummated by the payment to the plaintiffs of the amount stipulated to be paid, and the dismissal of both cases. This agreement reads as follows:

"For and in consideration of the sum of one thousand dollars ($1000) paid by check of Frank Hagerman on this date, and for no other consideration, that named being contractual, it is agreed:

"(1) All claims of every kind and character of Simeon K. Howe and George S. Howe against the Ar-

mour Packing Company and George W. Tourtellot arising out of case No. 15,832, or connected with the land on the Missouri river front or adjacent to the plant of the Armour Packing Company, are hereby settled and discharged, whether specifically enumerated herein or not, and this release shall also include all claims against said Armour Packing Company and George W. Tourtellot of every kind and character respecting the property or its use or occupation, the subject-matter of litigation in the forcible-entry-and-detainer case in the district court of Wyandotte county, Kansas, numbered 15,832, wherein Simeon K. Howe is plaintiff and the Armour Packing Company and George W. Tourtellot are defendants, and for damages for the detention of said land.

"(2) This release shall not cover any claim against H. M. Meriwether for damages or rents or for use or occupation since Meriwether's taking possession of said land, on July 19, 1900, nor affecting any claim of ownership or any right to the possession of the land as against Meriwether or his assigns, or any claim or claims of the party plaintiff in case No. 15,832, wherein substitution has been made on this date, as against the substituted party, nor shall this release in any manner affect any right which plaintiff may have against said H. M. Meriwether by virtue of the agreement or substitution entered into between Simeon K. Howe and the Armour Packing Company and George W. Tourtellot and H. M. Meriwether on this date.

"(3) Case No. 16,279 in the district court of Wyandotte county, Kansas, wherein Simeon K. Howe is plaintiff and the Armour Packing Company and George W. Tourtellot are defendants, shall be dismissed at defendants' cost.

"Witness our hands and seals, this 2d day of October, 1902. (Signed)   SIMEON K. HOWE.   (SEAL.)
GEORGE S. HOWE.   (SEAL.)"

On October 5, 1904, the Howes commenced this action against Meriwether to recover damages for the wrongful detention of the real estate from July 19, 1900, to the time of the commencement of the action. To the petition the defendant, Meriwether, answered, pleading the commencement of the two actions against the Armour Packing Company and George W. Tour-

tellot, and the settlement thereof, as a complete satisfaction of all damages to which the plaintiffs might have been entitled, both for the wrongful entry and wrongful detention by the Armour Packing Company and the defendant.

The plaintiffs pleaded in reply the settlement, and, in avoidance of any legal implication that might arise from such settlement which would preclude them from maintaining this action against the defendant, the following agreement, which was made at the same time and as a part of the settlement of the Armour Packing Company and Tourtellot litigation:

"Whereas, on July 19, 1900, the Armour Packing Company deeded to H. M. Meriwether the land in controversy, and defendants delivered possession thereof to him:

"Now, therefore, it is hereby agreed by and between said parties to this action and the said H. M. Meriwether that said H. M. Meriwether shall be substituted in lieu of the original defendants as the defendant in said cause in this court, and, if so desired, as plaintiff in error in any proceedings in error in the supreme court of the state of Kansas, as well as in all subsequent proceedings relating thereto, in place of said original defendants, in all subsequent stages of the controversy respecting the said land, as fully and completely as if all action heretofore taken by said defendant upon which the alleged rights or liabilities of said original defendants are based had been taken by him, and as if the suit had been originally instituted against him instead of against them; and in no event shall the legal rights of said plaintiff, if any, respecting said property or controversy become less by reason of such substitution, but no claim of plaintiff for damages for the taking and deprivation of possession prior and up to July 19, 1900, shall be asserted against said Meriwether.

"This substitution shall stand and be of effect as of date July 19, 1900, and as if it had been then made, that being the date upon which the Armour Packing Company conveyed the said property to said Meriwether and delivered to him possession thereof, and a *nunc pro tunc* order of substitution may be made as of that date.

Meriwether v. Howe.

"It is further stipulated and agreed by and between all the parties hereto that said H. M. Meriwether shall not in this case have, by virtue of this agreement, any greater or additional or different right respecting the controversy in regard to said land than he or the original defendants herein would have had had no substitution been made.

"Signed in triplicate, this 2d day of October, 1902.

HUTCHINGS & KEPLINGER, and
MOORE & BERGER,
*Attorneys for Simeon K. Howe.*
FRANK HAGERMAN,
*Attorney for Armour Packing Co. and George W. Tourtellot.*
H. M. MERIWETHER.

"Signature of H. M. Meriwether attested by Frank Hagerman."

To this reply the court overruled the defendant's demurrer.

The first contention of the plaintiff in error is that the court should have carried this demurrer back and sustained it to the petition. The only defect suggested in the petition is that it does not show that the plaintiffs had reentered the land after it was wrongfully taken from them by the Armour Packing Company and before this action was commenced. Defendant's contention seems to be that an action to recover damages for the wrongful detention of real property cannot be maintained unless it be shown that the party against whom the action is prosecuted was the person who actually dispossessed him, or that one who takes possession of real estate by assignment from one who wrongfully dispossessed the owner is not liable in damages to such owner until the owner has repossessed himself of the land. In this we think the learned counsel is in error. An action for damages for wrongfully withholding real property may be maintained against any person so wrongfully withholding, however he may have come into possession, whether the plaintiff ever had actual possession or not, or whether he had been in possession and wrongfully removed by the wrongful possessor's grantor. The only questions to

be determined in such an action are: (1) Is the plaintiff entitled to the actual possession of the real estate? (2) Does the defendant wrongfully withhold the property from him? (3) Has such wrongful possession resulted in damages to the plaintiff?

Another contention of the plaintiff in error is that the compromise between the Armour Packing Company and the plaintiffs in this action was, in legal effect, a full satisfaction of all damages sustained by the plaintiffs for wrongfully removing them from the possession and the wrongful detention by all persons succeeding to the possession through the Armour Packing Company. In disposing of this question, and to show that the compromise between the plaintiffs and the Armour Packing Company did not have such effect, we need only to quote the agreement between all the parties at the time the litigations between the plaintiffs and the Armour Packing Company were settled. In the agreement of compromise between the plaintiffs and the Armour Packing Company there is found this clause:

"This release shall not cover any claim against H. M. Meriwether for damages or rents or for use or occupation since Meriwether's taking possession of said land, on July 19, 1900, nor affecting any claim of ownership or any right to the possession of the land as against Meriwether or his assigns, . . . nor shall this release in any manner affect any right which plaintiff may have against said H. M. Meriwether by virtue of the agreement or substitution entered into between Simeon K. Howe and the Armour Packing Company and George W. Tourtellot and H. M. Meriwether on this date."

It is evident from this that the plaintiffs were not compromising or receiving a consideration for any right of action they had against Meriwether for the wrongful detention of the real estate by him, nor waiving or settling any claim of ownership to the land as against him. Such rights are expressly reserved by the agreement of compromise. The other agreement

was between the plaintiffs on the one part and the Armour Packing Company and Meriwether on the other, and, after referring to the deed from the Armour Packing Company to Meriwether for the land, and to the delivery of its possession to Meriwether on July 19, 1900, and the settlement between the plaintiffs and the Armour Packing Company, reads as follows:

"H. M. Meriwether shall be substituted in lieu of the original defendants as the defendant in said cause in this court, and, if so desired, as plaintiff in error in any proceedings in error in the supreme court of the state of Kansas, as well as in all subsequent proceedings relating thereto, in place of said original defendants, . . . as fully and completely as if all action heretofore taken by said defendant upon which the alleged rights or liabilities of said original defendants are based had been taken by him, and as if the suit had been originally instituted against him instead of against them; and in no event shall the legal rights of said plaintiff, if any, respecting said property or controversy become less by reason of such substitution."

This stipulation was signed in triplicate on October 2, 1902. By these agreements the plaintiffs expressly reserved to themselves whatever right they previously had to an action against Meriwether for damages for the wrongful detention of this property, and Meriwether consented and agreed that he should stand liable for any damages plaintiffs might have sustained, or might sustain, by his wrongful detention of the property from and after July 19, 1900, the day he went into possession. The present action was brought to recover such damages, and Meriwether, having agreed to be liable therefor, cannot now say that the plaintiffs waived or settled any right of action they had against him growing out of his wrongful possession or detention of the property.

The judgment of the court below is affirmed.